Case 1:25-cr-00301-CRC     Document 1-1

Case: 1:25-mj-00193
Assigned To: Judge Harvey, G. Michael
Assign. Date: 8/31/2025
Description: COMPLAINT W/ARREST WARRANT

# STATEMENT OF FACTS

1.      Your affiant is an officer with the Metropolitan Police Department ("MPD") and has been employed by MPD since October 2018. I am currently a member of the Third District Crime Suppression Team ("3D CST"). As an MPD officer, I have participated in approximately 200 arrests for illegal firearms, as well as numerous other arrets for illegal controlled substances and other offenses. During the course of my experience, I have learned that persons who possess illegal firearms often do so in their waistband or concealed in a pocket or satchel. In addition, persons who possess illegal firearms often store their firearms in a nearby location, so as to not carry the firearm on their person in an attempt to avoid detection by law enforcement.

2.      On Saturday, August 30, 2025, at approximately 11:42 p.m., members of the MPD 3D CST, along with other law enforcement partners, were patrolling a parking lot in the vicinity of 2371 11th Street NW, also known as the Garfield Terrace apartments, in the District of Columbia. Your affiant and other 3D CST members on scene were wearing their full MPD uniform and operating a marked MPD cruiser. The premises is property of the District of Columbia Housing Authority. Your affiant has been involved in approximately two arrests with illegal firearms recovered in that location over the past two years.

3.      As your affiant's MPD cruiser entered a parking lot on the premises, officers observed a group of approximately 10 to 15 persons congregated at the rear of two vehicles parked in the lot. At this time, one person, subsequently identified as PRES BRADDY, began to separate himself from the group and walk away on the sidewalk at the edge of the parking lot in a westward direction, behind a fenced-off area containing construction equipment.

4.      Officers exited the MPD cruiser and approached the group at the front, as well as from the west side where BRADDY was seen walking to. As your affiant rounded the fenced-off area of construction equipment, I saw that BRADDY had returned to the group. I also observed two plastic bags on the sidewalk that appeared to contain sealed bottles of liquor. I further observed an abandoned black cross-body satchel lying on the sidewalk, which I stepped on and felt a hard object contained therein. I then picked up the black satchel from the sidewalk, at which point I immediately felt an object consistent with a firearm inside. I then opened the bag and observed that it contained a firearm, which was seized. The firearm was a Glock 27 .40 caliber pistol, Serial No. PMA025. At the time it was recovered, the firearm was located with one round in the chamber and 15 additional rounds in a 15-round magazine. In addition, the satchel also contained a plastic containing 17 rounds of .40 caliber ammunition.

5.      I then immediately voiced the predetermined code word for the presence of a firearm and directed the group of males standing nearby to sit on the ground, in order to determine whether the owner of the firearm was present. A short time later, an employee of the D.C. Housing Authority ("DCHA") Police Department subsequently used CCTV footage of the premises to identify the subject matching the description of BRADDY as the person who dropped a black object with a strap on the ground, in the same location where I found the black satchel containing the loaded firearm. Officers placed BRADDY under arrest.

6.      Your affiant subsequently viewed DCHA CCTV footage, which showed the subject subsequently identified as BRADDY, wearing a black hooded sweatshirt with red accents and

1

white striping on the sleeves, separate from the group when officers arrive, walk behind the fenced-off construction area in the parking lot, remove a black object with a strap and drop it to the ground., and then return to the group. The CCTV footage then shows your affiant and additional law enforcement enter the area moments later, at which time the satchel with the firearm was discovered.

7. A criminal history check revealed that BRADDY was previously convicted of Unlawful Possession of a Firearm (Prior Conviction), in violation of 22 D.C. Code § 4503(a)(1) (2001 ed.), in the Superior Court for the District of Columbia, Case No. 2016 CF2 21171. On September 26, 2017, BRADDY was sentenced to 18 months of imprisonment and 3 years of supervised release for this conviction.

8. Therefore, BRADDY was aware at the time of his arrest in this case that he had at least one prior conviction for a crime punishable by imprisonment for a term exceeding one year and was prohibited from possessing a firearm and ammunition.

9. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition in this case would have traveled in interstate commerce.

10. Based on the above information, there is probable cause to believe that, on August 30, 2025, in the District of Columbia, PRES BRADDY committed the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1).

OFFICER DAVID MARTIN (#5812)
METROPOLITAN POLICE DEPARTMENT

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on August 31, 2025.*

HON. G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE